Filed 9/24/21  P. v. Newbolds CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL JAMES NEWBOLDS,<br><br>    Defendant and Appellant. | A160484<br><br>(Mendocino County<br>Super. Ct. Nos. SCUK-CRCR-18-95447, SCUK-CRCR-19-30027,<br>SCUK-CRCR-20-33920) |

Michael Newbolds appeals from a judgment entered after he pled no contest in three different criminal cases.  He contends the trial court erred when it denied his motion to strike his prior strikes pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).  We will reject this argument and affirm the judgment.

## I.  FACTS AND PROCEDURAL HISTORY

### A.  Case Numbers 18-95477 & 19-30027

Appellant was arrested in August 2018 for having approximately 14 grams of methamphetamine on his person while in close proximity to a scale and a plastic bag.  Based on these facts, and as relevant here, a complaint

1

was filed in case number 18-95477 alleging appellant possessed a controlled substance for purposes of sale. (Health & Saf. Code[1], § 11378.)

Appellant failed to appear at his preliminary hearing. Therefore in early January 2019, the Mendocino County District Attorney filed two complaints against appellant. The first was an amendment in case number 18-95477. It added an allegation that appellant had suffered one prior strike within the meaning of the Three Strikes law. (Pen. Code, §§ 1170.12, 667.) The second, in case number 19-30027, was a new action. As is relevant here, it alleged appellant failed to appear after being released on his own recognizance. (Pen. Code, § 1320, subd. (b).)

Appellant pled no contest in both cases and the trial court sentenced him in February 2019. Pursuant to a global disposition, the court suspended the imposition of the sentence and placed appellant on probation for three years. As part of appellant's plea agreement, the court declined to sentence him on the strike allegation so he would have the opportunity to rehabilitate himself.

### B. Case Number 20-99320

In June of 2019, the probation department filed a petition alleging appellant had violated his probation. The trial court revoked appellant's probation and the police placed him under arrest. During the arrest, officers found seven grams of methamphetamine on appellant's person and 2 ounces of methamphetamine in his vehicle. Appellant told the officers he was delivering the larger amount to an associate in Willits.

Based on these facts, an information was filed charging appellant with possessing a controlled substance for purposes of sale. (§ 11378.) As is

---

[1] Unless otherwise indicated, all further section references will be to the Health and Safety Code.

relevant here, the information also alleged appellant had suffered two prior strikes within the meaning of the Three Strikes law. (Pen. Code, §§ 1170.12, 667.) The first was a 2003 conviction for assault with a deadly weapon. (Pen. Code, § 245, subd. (a)(1).) The second was a 1998 conviction in Illinois for residential burglary. (Former Ill.Rev.Stat.1983, ch. 38, par.19-3(a) (now 720 ILCS 5/19-3(a)).)

In March of 2020, appellant pled no contest to the possession for sale charge and admitted the prior strike allegations. Based on appellant's plea in case number 20-99320, the trial court found he had violated his probation in case numbers 18-95477 and 19-30027.

### C. Consolidated Sentencing

The trial court sentenced appellant on all three cases in May 2020. In case number 20-99320, the court sentenced appellant to the low-term of 16 months doubled to 32 months by operation of the Three Strikes law. In case number 18-95477, the court permanently revoked probation and sentenced appellant to an 8-month term to run consecutive to the sentence in case number 20-99320. In case number 19-30027, the court permanently revoked probation and sentenced appellant to 2 years, 8 months, also to run consecutive to the sentence in case number 20-99320. In total, the court sentenced appellant to six years of confinement.

In July of 2020, appellant filed a timely notice of appeal.

## II. DISCUSSION

Appellant filed a motion prior to sentencing in which he asked the trial court to strike his prior strikes pursuant to *Romero*. He argued they should be stricken because they were remote in time, his prior criminal history stemmed from his addiction to drugs, and recent California sentencing laws evidenced an intent to keep those who are addicted out of prison.

3

The People opposed the motion noting appellant was 44 years old, he was facing his fifth felony conviction, he had a 25-year criminal history that also included 30 prior misdemeanor convictions, and he was on probation at the time of his most recent offense.

The trial court denied appellant's motion to strike the strikes explaining its decision as follows:

"I am receptive to the argument of the revolution in the criminal justice world and over incarceration of people who suffer from substance abuse charges."

"However - - and I recognize that I have the discretion to strike the two priors."

"However, given the facts of this case, the Court does not find that is appropriate, simply because I disagree with the total length that would be imposed."

"Mr. Newbolds was on two grants of felony probation at the time of this offense. He has 30 prior misdemeanor convictions, including acts of violence."

"He was not in compliance with probation at the time of the new offense. He was out of compliance, and out to warrant."

"Additionally, the Court is considering that on these two prior grants of probation, he was given the benefit of having the strike removed so that he could have the opportunity to find rehabilitation and then this new law violation occurred."

"So in total the Court finds that he does not fall outside of the three strike statutory scheme as it is presently."

Appellant now contends the trial court erred when it denied his motion to strike the prior strikes.

4

## A. Trial Court Authority Under *Romero*

In *Romero*, our Supreme Court ruled that " 'a trial court may strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious [or] violent felony, on its own motion, "in furtherance of justice" pursuant to [Penal Code] section 1385 (a).' " (*People v. Carmony* (2004) 33 Cal.4th 367, 373.)

A trial court considering whether to strike a strike must determine whether the defendant, in light of his current crime, criminal history, background, character, and prospects, should be deemed "outside the . . . spirit" of the Three Strikes law, in whole or in part, such that he should be treated as though the prior strike conviction had not occurred. (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

## B. Appellate Court Authority Under Romero

On appeal, we review the denial of a *Romero* motion for abuse of discretion. (*People v. Carmony*, *supra*, 33 Cal.4th at p. 373.) While conducting that review, we must remain mindful that " ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " [Additionally,] a ' "decision will not be reversed merely because reasonable people might disagree [and] '[a]n appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' " (*Id.* at pp. 376–377.)

With this guidance, we turn to the specific arguments appellant has advanced.

## C. Appellant's Arguments

### 1. Nature and Circumstances of Prior Strikes

Many of appellant's arguments on appeal follow a similar pattern. First, appellant identifies evidence that was in the record prior to the sentencing hearing. Then appellant compares each item of evidence with the court's comments at the hearing itself. Because the court did not expressly comment on each item, appellant argues the court failed to consider them. Appellant's arguments concerning the nature and circumstances of the prior strike allegations are an example. Appellant contends the trial court failed to consider his upbringing, his age, and the amount of time that had passed since his strike eligible offenses. Appellant also claims the court did not consider the fact that his lengthy criminal history included a five-year period where he committed no crimes, and that he had made prior attempts to overcome his drug addiction before committing his third strike.

All these arguments suffer from the same flaw. While the trial court did not expressly mention the facts appellant has identified, that does not mean the court failed to consider them. All the factors appellant cites were either discussed in, or evident from, the written materials that were submitted to the trial court prior to sentencing. And pursuant to binding Supreme Court authority, we are required on appeal to presume the court considered those factors. (*People v. Carmony*, *supra*, 33 Cal.4th at p. 378) Here, appellant has not cited any evidence that shows the court *did not* consider the factors he has identified. Absent such evidence, we must conclude the trial court did so.

## 2. Nature and Circumstances of Current Offenses

Appellant contends that because he is a drug user with an addiction problem, his crimes don't make him the type of offender the Three Strikes law was meant to punish.

Appellant misinterprets the purpose of the Three Strikes law. Penal Code section 1170.12 states, "[a]ggregate and consecutive terms for multiple convictions" can be imposed "if a defendant has been **convicted of <u>a felony</u> and** it has been pled . . . that the **defendant has <u>one or more prior serious or violent felony convictions</u>**." (Pen. Code, § 1170.12, subd. (a), bolding and underlining added).)

Thus, appellant was not being sentenced because his current offenses show he was a drug user who suffered from addiction. He was being sentenced because he was a life-long criminal who had committed three new felonies and had suffered two prior serious felony convictions that qualified as strikes within the meaning of the Three Strikes law. In our view, appellant falls directly within the scope of the statute.

Appellant next contends the trial court did not consider the fact that he was transporting methamphetamine for money so he could afford a place to live. He argues that because his crime was not violent, the trial court should have stricken the prior strikes.

First, the presentence report—which the trial court reviewed prior to sentencing—states appellant was homeless at the time of his conviction. Therefore, the trial court was aware of appellant's lack of housing. Second, while it is true that appellant's current felonies were not violent, appellant has not cited, and the court is not aware of any authority that shows, a current offense must be violent to trigger a Three Strikes sentence under the

7

circumstances that were present in this case.  Appellant's argument is unpersuasive.

### 3. Policy Considerations

Next, appellant notes that other states on the West Coast have decriminalized certain types of drug possession.  He argues that given this fact, he should not be incarcerated for his most recent crimes.  This argument fails because appellant was not convicted of simple drug possession.  Rather, appellant was convicted of possessing drugs for purposes of sale.  (§ 11378.) Appellant's argument on this point is based on a false premise.

### 4. Appellant's Current Health Situation

Appellant's next argument is based on evidence in the record that shows he suffers from congestive heart failure.  Citing evidence from a website that states 50 percent of the people who suffer from that condition will die within five years, appellant argues his six-year sentence is a "de facto life sentence[]" that is unjust.

Appellant did not raise this specific argument in the court below, so he has forfeited the right to raise it on appeal.  (*People v. Carmony, supra,* 33 Cal.4th at pp. 375–376.)  We also reject the argument on the merits.  The presentence report stated appellant was suffering from congestive heart failure.  Thus, the court was well aware of appellant's poor medical condition. The mere fact that the court declined to strike the prior strike findings does not demonstrate the court ignored that condition or that it abused its discretion.  We find no error on this ground.

### 5. Distinguishing Avila

In arguing the trial court erred when it declined to strike his prior strikes, appellant relies primarily on *People v. Avila* (2020) 57 Cal.App.5th 1134.  The defendant in *Avila* was convicted of attempted second degree

robbery and attempted extortion after he "squashed . . . oranges" that were being sold by a roadside vendor. (*Id*. at p. 1139.) After the trial court sentenced the defendant to a Three Strikes enhanced term of 39-years-to-life in prison, he filed an appeal. On appeal, the *Avila* court ruled the sentence violated the Eighth Amendment prohibition against cruel and unusual punishment. (*Id*. at p. 1145.) But the court also ruled the trial court erred when it denied the defendant's motion to strike three prior strikes. As the court explained, "no reasonable person could agree that the sentence imposed on Avila was just." (*Ibid*.)

*Avila* is distinguishable because the sentence imposed there was far different from the one imposed in this case. Here, the trial court sentenced appellant to a six-year term based on his convictions in three different criminal cases. Furthermore, appellant already had the benefit of having one of his prior strikes stricken so he could have an opportunity to rehabilitate. We conclude *Avila* is not controlling under the very different facts that are present here.

### 6. *Totality of the Circumstances*

Our review leads us to conclude the trial court either expressly or is presumed to have considered all the relevant circumstances concerning appellant, his prior history, and his current crimes. While some of the factors appellant has identified may have supported the court's ruling *if* it had decided to strike appellant's prior strikes, that is not how the trial court ruled. Since "[n]o error occurs if the trial court evaluates all relevant circumstances to ensure that the punishment fits the offense and the offender," we conclude the trial court did not abuse its discretion when it denied appellant's *Romero* motion. (*People v. Shaw* (2020) 56 Cal.App.5th 582, 587.)

9

## III. DISPOSITION

The judgment is affirmed.

_____

NEEDHAM, J.

We concur:

_____

SIMONS, ACTING P.J.

_____

BURNS, J.

A160484

11